IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

CASE NO: CASE NO: 23-CA-000358

**LISA PETRULLO,**

    **Plaintiff,**

vs.

**BURLINGTON COAT FACTORY WAREHOUSE CORPORATION,** a foreign corporation

    **Defendant.**

_____ /

## AMENDED COMPLAINT

Plaintiff, **LISA PETRULLO** by and through the undersigned counsel, hereby sues Defendant, **BURLINGTON COAT FACTORY WAREHOUSE CORPORATION**, and alleges as follows:

1. This is an action for damages that exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest and attorneys' fees. The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. Plaintiff, LISA PETRULLO, is a natural person residing in Lee County, Florida.

3. At all times material to this action, Defendant, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, is a foreign corporation licenses to do business and with a business location in Fort Myers, Florida. This Court has jurisdiction of this Defendant based on FL. Stat. 48.193.

4. At all times material hereto, Defendant, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, was the owner and in possession of that certain business located

at 4650 South Cleveland Ave, Fort Myers, FL 33907, open to the general public, including the Plaintiff herein.

5. On or about SEPTEMBER 30, 2021, Plaintiff, LISA PETRULLO, visited Defendant's premises located at the above address as a business invitee and/or guest.

6. At said time and place, Plaintiff, LISA PETRULLO, was a lawful guest upon the premises of the Defendant, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, who owed Plaintiff a nondelegable duty to exercise reasonable care for his safety.

## COUNT I – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION

7. Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through six (6) as if fully set forth herein.

8. At said time and place, Defendant owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous condition on their premises.

9. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain the department store floor, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

   b) Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   c) Negligently failing to inspect or adequately inspect of the department store flooring, as specified above, to ascertain whether the department store floor which was poorly maintained, constituted a hazard to patrons utilizing said department store area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

   d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the department store flooring when Defendant knew or through

       the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

e)     Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the department store flooring, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f)     Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the department store flooring for dangerous conditions;

g)     Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the department store flooring for dangerous conditions;

h)     Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i)     Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the department store flooring despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j)     Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k)     Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the flooring of the subject premises

l)     Negligently failing to assign specific associates/employees to the task of solely monitoring the floor in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions similar to the way in which specific associates/employees were assigned to the task of solely cleaning/sanitizing shopping carts and/or handbaskets or counting the number of guests entering/exiting the premises during the COVID-19 pandemic as safety precautions;

m)     Negligently failing to act reasonably under the circumstances;

3

n) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community

p) Negligently failing to install, maintain and provide a safe flooring surface within the subject premises;

q) Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

r) Negligently selecting and/or utilizing flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring; and

s) Negligently selecting and/or utilizing flooring that failed to tolerate liquid substances and/or moisture, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring.

10. As a result, while Plaintiff was visiting Defendant's business, she slipped and fell on a liquid substance on the floor of the department store area, sustaining significant personal injuries.

11. As a WAREHOUSE and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, LISA PETRULLO, sues the Defendant, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, for damages and demands judgment in excess of Fifty Thousand Dollars ($50,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

## COUNT II – CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION

12. Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through six (6) as if fully set forth herein.

13. At said time and place, Defendant owned, controlled, and/or possessed the business premises.

14. At said time and place, and by virtue of their ownership, control, and/or possession of the premises, Defendant owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

15. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain the department store flooring, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   b) Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

   c) Negligently failing to inspect or adequately inspect the department store flooring, as specified above, to ascertain whether the restroom floor, which was poorly maintained, constituted a hazard to patrons utilizing said of the department store area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

   d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the department store flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

   e) Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the department store flooring, when said condition was either known to Defendant or had existed for a sufficient length of time such that

        Defendant should have known of same had Defendant exercised reasonable care;

f)     Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining of the department store flooring for dangerous conditions;

g)     Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the department store flooring for dangerous conditions;

h)     Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i)     Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the floor of the department store despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j)     Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k)     Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the flooring of the subject premises

l)     Negligently failing to assign specific associates/employees to the task of solely monitoring the floor in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions similar to the way in which specific associates/employees were assigned to the task of solely cleaning/sanitizing shopping carts and/or handbaskets or counting the number of guests entering/exiting the premises during the COVID-19 pandemic as safety precautions;

m)     Negligently failing to act reasonably under the circumstances;

n)     Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o)     Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community;

    p)     Negligently failing to install, maintain and provide a safe flooring surface within the subject premises

    q)     Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

    r)     Negligently selecting and/or utilizing flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring; and

    s)     Negligently selecting and/or utilizing flooring that failed to tolerate liquid substances and/or moisture, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring.

16. As a result, while Plaintiff was visiting Defendant's business, she slipped and fell on a liquid substance on the floor of the department store, sustaining significant personal injuries.

17. As a WAREHOUSE and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, LISA PETRULLO, sues the Defendant, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, for damages and demands judgment in excess of Fifty Thousand Dollars ($50,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

                                                  */s/ Daniel Chehouri*  
                                                  Daniel Chehouri, Esquire  
                                                  FBN: 1005564  
                                                  Morgan & Morgan, P.A.  
                                                  8151 Peters Road, 4th Floor  
                                                  Plantation, FL 33324

                    Telephone:    (954) 807-7758
                    Facsimile:     (954) 807-7780
                    Primary Email: dchehouri@forthepeople.com
                    Secondary Email: ymyrick@forthepeople.com
                    Attorneys for Plaintiff